In the Superior Court, on the last circuit, the plaintiff relied upon the 5th section of the act of 1802, ch. 29, entitled "An act for the better regulation of the town of Hillsboro," which section is as follows: "And be it further enacted, that the commissioners of said town shall hereafter appoint a treasurer, who, etc.; and it shall be the duty of said treasurer, in his own name, to sue for and recover all forfeitures which shall accrue under this or any other act heretofore passed and in force for the regulation of said town"; and contended that under it he was entitled to maintain the present action in his own name.
His Honor, Judge Strange, being of a different opinion, nonsuited the plaintiff, who appealed to this Court.
The by-law under which the penalty in question is claimed is not stated in the case, but we are told that the *Page 182 
plaintiff founds his right to sue for it under the 5th section of the act of 1802, ch. 29. That section declares that "it shall be the duty of said treasurer, in his own name, to sue for and recover all forfeitures which shall accrue under this or any other act heretofore passed."
Now, the penalty sought to be recovered is not a penalty accruing for a direct breach of the act itself, as where the constable refuses to execute a warrant or process directed to him from the magistrate of police; but I think, by a liberal construction, it is a penalty accruing under the act. If the commissioners are authorized to make by-laws (which is not disputed), no doubt penalties are imposed for a breach of them, and such penalties indirectly accrue under the provisions of the act which gave the power of imposing them, although they accrued directly under the by-law. No inconvenience can result from this construction of the act. The case is substantially within its meaning. I therefore think the nonsuit should be set aside and a new trial granted.
PER CURIAM. Judgment reversed, and new trial granted.
Cited: Comrs. v. Capehart, 71 N.C. 156.